[877 NYS2d 730]

In the Matter of JERRY A. SESSION, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 1, 2009

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Jerry A. Session,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 26, 1986, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his use of two attorney trust accounts. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he allowed the balance in his attorney trust account to fall below the amount that should have been maintained on behalf of a client, issued checks drawn against his trust accounts that were dishonored for insufficient funds, commingled client funds with personal funds, issued checks drawn against his trust accounts in payment of personal and business expenses and made such checks payable to cash, and failed to maintain required records.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in his possession incident to his practice of law;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

We have considered the matters submitted by respondent in mitigation, including that he is remorseful, that the trust account improprieties were the result of carelessness, and that no client was permanently deprived of any funds. Additionally, we

have considered the submission of respondent that his use of his trust accounts and his record-keeping procedures are now in compliance with the disciplinary rules. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

MARTOCHE, J.P., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of censure entered.