[990 NYS2d 432]

In the Matter of JERRY SESSION, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, August 8, 2014

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.
*James E. Brown*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 26, 1986, and maintains an office in Rochester. In August 2013, the Grievance Committee filed a petition alleging that respondent had failed to comply with various disciplinary rules regarding the maintenance of trust account funds and required records. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. The parties thereafter executed a stipulation in which respondent admitted the allegations of the petition, and respondent testified at the hearing solely with respect to matters in mitigation. The Referee has filed a report containing various factual findings and an advisory finding that respondent had violated the disciplinary rules cited in the petition. The Grievance Committee moves for an order confirming the report of the Referee. Although respondent did not file papers in response to the motion, he appeared before this Court on the return date of the motion and was heard in mitigation.

The Referee found that, during the time period set forth in the petition, respondent maintained personal funds in his trust account; failed to maintain a balance in his trust account sufficient to satisfy his obligations to his clients; issued trust account checks to pay personal and business expenses such as bar association dues, law office rent and law office insurance expense; used trust account funds to pay costs on behalf of clients from whom respondent had not received any funds; issued trust account checks payable to himself without recording the purpose of the transactions; and issued a trust account check that was returned for insufficient funds. In addition, the Referee found that respondent routinely deposited into his trust account funds for anticipated legal fees that had been received from clients with whom respondent had no corresponding agree-

ment obligating him to maintain such funds in his trust account.

We confirm the factual findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating client funds and commingling personal funds with client funds;

rule 1.15 (b) (1) (22 NYCRR 1200.0)—failing to maintain funds belonging to another in a special account separate from his business or personal accounts;

rule 1.15 (d) (1) (22 NYCRR 1200.0)—failing to maintain required records of bank accounts; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered respondent's substantial disciplinary history, which includes a prior suspension from the practice of law (*Matter of Session*, 218 AD2d 102 [1995]), and a prior public censure for misconduct substantially similar to the trust account violations at issue herein (*Matter of Session*, 64 AD3d 82 [2009]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of one year and until further order of this Court. In addition, upon any application to this Court for reinstatement to the practice of law, respondent shall submit proof that, during the period of suspension, he has successfully completed six credit hours of continuing legal education concerning the Rules of Professional Conduct governing attorney trust accounts.

Smith, J.P., Fahey, Carni and Valentino, JJ., concur.

Order of suspension entered.